**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| LISSETTE LARIOS ROOHBAKHSH, as personal representative of the ESTATE OF FATIMA LISSETTE LARIOS and on behalf of next of kin,<br><br>and<br><br>NELSON LARIOS, as next of kin<br><br>  Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES<br><br>and<br><br>CHADRON STATE COLLEGE,<br><br>  Defendants. | Case No.  8:17-cv-00031-JFB-CRZ |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE FEDERAL COURT AND STATE COURT CASES**

NOW COMES Plaintiffs, LISSETTE LARIOS ROOHBAKHSH, as personal representative of the ESTATE OF FATIMA LISSETTE LARIOS and on behalf of Fatima Lissette Larios's next of kin, including herself, and NELSON LARIOS, as Fatima Lissette Larios's next of kin, through their attorneys, and hereby submit the following supplemental brief in support of Plaintiffs' Motion to Consolidate the stayed case before the District Court of Dawes County (Case No. C1 17-0107) (hereinafter, referred to as the "state court" case) with the instant case currently pending before the United District Court of Nebraska (hereinafter, referred to as the "federal court" case).

1. Pursuant to the Court's June 5, 2018 Order (Dkt. 61), Plaintiffs are to file a

1

supplemental brief on the motion to consolidate (Dkt. 60), providing the Court with any federal rules or case law supporting a claim that this Court has the authority and jurisdiction to consolidate a state case with a federal case, or to order the state court to stay the lawsuit pending its forum.

2.	Under Federal Rule of Civil Procedure 42(a), a district court has broad discretion to consolidate any or all matters in the actions for hearing or trial, or for all purposes, in order to avoid unnecessary cost or delay. *Eghnayem v. Boston Sci. Corp.*, 2017 WL 4681345, at *12 (11th Cir. Oct. 19, 2017).

3.	The main purposes of consolidation under FRCP 42(a) are to (1) promote judicial economy by expediting proceedings, and avoiding duplicate evidence, procedures and trials; (2) promote convenience of the parties and witnesses; and (3) avoid the danger of inconsistent adjudications. *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 298 (3d Cir. 2005); *Tri-Med Fin. Co. v. Nat'l Century Fin. Enters., Inc.*, 208 F.3d 215 (6th Cir. 2000).

4.	Here, all of the factors weigh heavily in favor of consolidating the federal and state law claims. This Court could exercise supplemental jurisdiction over the state law claims under 28 U.S.C.A. § 1367(a).

5.	Moreover, the unavailability of a jury trial for state law claims is not a basis in itself to deny a motion to consolidate where both federal and state law claims are brought against a defendant. In *E.E.O.C. v. HBE Corp.*, the defendant employer argued that consolidation allowed the Missouri Human Rights Act claims to be tried to a jury (along with the EEOC claims) when they could not have been in state court.[1] 135 F.3d 543, 551 (8th Cir. 1998). The

---

[1] The Missouri courts do not allow jury trials of MHRA claims.

Eighth Circuit held:

> The availability of a jury trial is a question of federal law, however, even when state claims are being tried. *Gipson v. KAS Snacktime Co.,* 83 F.3d 225, 230 (8th Cir.1996). Because MHRA permits the recovery of money damages, it is considered a traditional legal action for which a jury trial is available in federal court. *Id.* In the circumstances here where [both plaintiffs] sought money damages, a jury trial of both their federal and state law claims was not improper. *Id.*

6. Nonetheless, the issue is whether FRCP 42 or any other federal rule provides this Court with the authority to consolidate the federal and state court cases not within the same District.

7. To date, Plaintiffs have been unable to find any cases on point where a federal court has held it has the authority to consolidate a separate state case, unless the parties consent. *Henderson v. United States*, 517 U.S. 654, 655 (1996).

8. In the interest of judicial economy, and to avoid undue burden and costs to the witnesses, Plaintiffs have reached out to Defendants regarding the possibility of consolidating the two cases, and working toward agreements to mitigate concerns of undue prejudice. *See* Exhibit A.

9. However, at this juncture, consent has not been provided.

Dated: June 12, 2018

Respectfully submitted,

/s/ Martin D. Gould__
Christopher P. Welsh
WELSH & WELSH, PC, LLO
9290 West Dodge Road
204 The Mark
Omaha, Nebraska 68114
(402) 384-8160
(402) 384-8211 - Facsimile

cwelsh@welsh-law.com

Antonio M. Romanucci, Esq. (admitted Pro Hac Vice)
Martin Gould, Esq. (admitted Pro Hac Vice)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
mgould@rblaw.net

Adele P. Kimmel, Esq. (admitted Pro Hac Vice)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036
(202) 797-8600
akimmel@publicjustice.net