IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISSETTE LARIOS ROOHBAKHSH, as personal representative of the Estate of Fatima Lissette Larios and on behalf of next of kin; and NELSON LARIOS, as next of kin;<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, and CHADRON STATE COLLEGE,<br><br>Defendants. | **8:17CV31**<br><br>**ORDER** |
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, a Political Subdivision of the State of Nebraska;<br><br>Defendant. | **8:17CV265**<br><br>**ORDER** |

Pending before me are the motions for protective order filed in each of the above-captioned cases. Plaintiffs ask the court to grant an exception or modify its past protective orders in the respective cases, thereby permitting Plaintiffs' counsel to exchange all discovery obtained on their respective Plaintiffs' behalf for use in litigating against their common defendant, Chadron State College (CSC). See, 8:17CV31-JFB-CRZ, [Filing No. 64](#); 8:17CV265-JFB-CRZ, [Filing No. 50](#)). Defendant opposes the motions. For the reasons stated below, the motions will be denied.

ANALYSIS

Defendant is represented by the same counsel in both cases, and in both, the plaintiffs are alleging CSC violated Title IX, 20 U.S.C. § 1681(a), and Board Policy 3020. In 8:17CV31, the estate and survivors of Fatima Lissette Larios (hereinafter "Larios") allege CSC failed to intervene to protect Larios from domestic and dating violence committed by her boyfriend, a CSC student. Larios claims CSC's failure to act began in November of 2014, and it caused Larios' apparent suicide on January 30, 2015. In 8:17CV265, Plaintiff Jane Doe (Doe) alleges that while she was a student at CSC, she was the victim of two incidents of rape committed by a fellow CSC student, the first occurring on September 19, 2016. Doe alleges that although CSC disciplined the rapist, they failed to expel him from school. Doe alleges that due to this insufficient discipline, she experienced severe stress, panic attacks, lost wages, and other damages because she was continually exposed to the risk of encountering her assailant on CSC's campus. Doe alleges CSC failed to protect her as required under Title IX, 20 U.S.C. § 1681(a), and this failure was racially motivated in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000d. The alleged violence against Larios and Doe was committed by different male students.

Plaintiffs' attorneys argue that both cases require discovery of the patterns and practices of Chadron State College and its administrators between 2014 and 2016 relative to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a). In both cases, Plaintiffs have consented to sharing their personal information, otherwise protected from disclosure by order of the court, for use in the other case. But by the very nature of these cases, the plaintiffs are not the only students whose past complaints or discipline may be unearthed in the discovery process. In Larios' case, at least nine students have been or will be deposed, with their deposition transcripts and attached exhibits including personal information such as names, dates of birth, and disciplinary actions. (Filing No. 54, at CM/ECF p. 5-6). These students' testimony

may or may not be relevant to Doe's case, and there is no showing that they consented to releasing their personal information to Doe or her attorney.

Similarly, Doe's written discovery requests (for a five-year period) all "documentation of communications relating to notification, investigation, and/or disposition of sexual assaults between any agent, employee or student" of CSC and its System Director of Title IX, (8:17CV265, Filing No. 57, at CM/ECF p. 16, Request No. 14), and all files maintained on Doe's alleged assailant, including his academic files, employment files, disciplinary files, athletic files, and Campus Security files. (8:17CV265, Filing No. 57, at CM/ECF p. 12, Request No. 10). The responses to this discovery may be relevant to Larios' case, but they may not be.

Contrary to Plaintiffs' argument, their motions seek mutual knowledge of "all facts," not "all relevant facts" obtained through discovery in both cases. (8:17CV31, Filing No. 74, at CM/ECF p. 3). The court is unwilling to open wide all such discovery, thus allowing Plaintiffs' counsel to ferret through the discovery responses, including the personal information of students and CSC personnel relevant to only one of the two lawsuits, and then decide what each Plaintiff finds relevant and useful. While sharing discovery may provide a more efficient and inexpensive means of litigating the two cases, (8:17CV31, Filing No. 74, at CM/ECF p. 12), the court finds Larios' and Doe's lawsuits are too dissimilar in terms of allegations, time frames, and actors to permit consolidated discovery which may infringe on the confidentiality owed to third parties, and will disclose at least some information which is not otherwise discoverable as to each separate lawsuit under the Federal Rules.

Larios argues that "federal and state courts have routinely recognized that there is a presumption that the public has a right of access to all court records." (8:17CV31, Filing No. 74, at CM/ECF p. 12). But discovery exchanged between the parties is not a court record, and "restraints placed on discovered, but not yet admitted, information

are not a restriction on a traditionally public source of information." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984). There is "no right to use pretrial discovery in one case for the prosecution of another case." Sasu v. Yoshimura, 147 F.R.D. 173, 176 (N.D. Ill. 1993) (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 31 (1984)). "First Amendment rights are not impinged when the protective order precludes [parties] from disseminating or putting to other uses the confidential information that they have obtained in discovery." Id.

There may be some efficiencies to be gained by exchanging the depositions of "the exact same (key) witnesses" from CSC as to the specific topics common to both cases. (Filing No. 74, at CM/ECF p. 3). However, the plaintiffs' motions are not limited as such, and the court will not re-draft them—particularly where the parties did not request a dialogue with the court prior to engaging in written motion practice which has, by the necessity of written briefs and an opinion, slowed the progression of both cases.

Accordingly,

IT IS ORDERED:

1)   Defendant's objection, (8:17CV31, Filing No. 70), is sustained.

2)   Plaintiff's motion for protective order, (8:17CV31, Filing No. 64), is denied.

3)   Plaintiff's motion for protective order, (8:17CV265, Filing No. 50), is denied.

August 21, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge