# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

LISSETTE LARIOS ROOHBAKHSH, as personal representative of the ESTATE OF FATIMA LISSETTE LARIOS and on behalf of next of kin,

and

NELSON LARIOS, as next of kin,

    Plaintiffs,

v.

BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES,

and

CHADRON STATE COLLEGE,

    Defendants.

Case No. 8:17-cv-00031

## PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFFS

Plaintiffs Lissette Larios Roohbakhsh, as personal representative of the Estate of Fatima Lissette Larios and on behalf of next of kin, and Nelson Larios, as next of kin (together, "Plaintiffs"), object and answer Defendants' Second Set of Interrogatories to Plaintiffs as follows:

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Plaintiffs object to Defendants' instructions and/or definitions to the extent they are inconsistent with and not contemplated by the Federal Rules of Civil Procedure. Plaintiffs object to the definition of "document" to the extent it is different than the definition of "document" contained in Fed. R. Civ. P. 34.

**EXHIBIT 28**

1

Plaintiffs further object to the interrogatories, including the instructions and definitions, to the extent that they request information protected by privilege, including the attorney-client and work product privileges.

Each Interrogatory is answered subject to the foregoing objections.

## OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 18:** Please identify each person who has informed you that he or she personally witnessed Brandon Finona-Gardner physically or emotionally abuse Fatima Larios (as he is alleged to have done in Paragraphs 2, 23-38, 48, 60, 64-71, 81, 83, 84, 86-88 of the underlying Complaint), at any time from August 1, 2014 through and including January 30, 2015. For each person, please describe what he or she claims to have witnessed.

**ANSWER: Objection. This Interrogatory is vague as to "you" and is vague as to the time period requested, and requires a narrative better suited for deposition. Plaintiff also objects to the extent this Interrogatory seeks information Plaintiffs obtained through attorney-client communications and attorney work product. Notwithstanding said objections and without waiving said objections, prior to Fatima's death, Plaintiffs were unaware of any physical and/or emotional abuse of Fatima. After Fatima's death, when Fatima's father Nelson Larios and uncle Elmer Larios arrived at CSC, they met with numerous CSC administrators including CSC President Randy Rhine and Vice President of Student Services Jon Hansen. CSC administrators invited their attorney Kristin Petersen to be present during the meetings. Despite being in possession of countless internal reports from softball players and coaches about Fatima's abuse, and countless Incident Reports and Student Observation Reports noting the same, the CSC administrators never mentioned the numerous documented reports they had of the verbal, emotional and/or physical abuse between Brandon and Fatima on campus before Fatima's death.**

**After Fatima's death, Plaintiffs had begun to hear from several of Fatima's friends that Brandon had verbally, emotionally and/or physically abused Fatima. Those individuals include, among possibly others: Olivia Robinson, Claudia Rodriguez, Giselle Acavedo, Ireland Barnes, Olivia Berube, and Maralyn Romero. Plaintiffs eventually hired attorneys to investigate what happened to their daughter. To the best of Plaintiff's recollection, all other information Plaintiffs learned regarding the verbal, emotional and/or physical abuse of Fatima was obtained through counsel and is protected by the attorney-client privilege. Without waiving this objection, and subject to this objection, Plaintiffs direct Defendants to Plaintiffs' 26(a) disclosures, the Chadron police department's investigate file, the depositions in the case, Plaintiffs' expert reports, and CSC's own discovery and internal reports documenting the abuse and the names of many of the witnesses. Those witnesses include softball players and coaches and numerous students and residence staff who personally heard the abuse first-hand, saw the abuse first-hand, and/or who were directly told of the abuse by witnesses or by Fatima herself. Such information is equally accessible to Defendants, who produced the reports in discovery and participated in the depositions.**

**INTERROGATORY NO. 19:** Please identify each person who has informed you that he or she personally witnessed Fatima Larios physically or emotionally abuse Brandon Finona-Gardner at any time from August 1, 2014 through and including January 30, 2015. For each person, please describe what he or she claims to have witnessed.

**ANSWER: Objection. This Interrogatory is vague as to "you" and is vague as to the time period requested, and requires a narrative better suited for deposition. Plaintiff also objects to the extent this Interrogatory seeks information Plaintiffs obtained through attorney-client communications and attorney work product. Notwithstanding said objections and without waiving said objections, prior to Fatima's death, Plaintiffs were unaware of any physical and/or emotional abuse of Fatima. After Fatima's death, when Fatima's father Nelson Larios and uncle Elmer Larios arrived at CSC, they met with numerous CSC administrators including CSC President Randy Rhine and Vice President of Student Services Jon Hansen. CSC administrators invited their attorney Kristin Petersen to be present during the meetings. Despite being in possession of countless internal reports from softball players and coaches about Fatima's abuse, and countless Incident Reports and Student Observation Reports noting the same, the CSC administrators never mentioned the numerous documented reports they had of the verbal, emotional and/or physical abuse between Brandon and Fatima on campus before Fatima's death.**

**After Fatima's death, Plaintiffs had begun to hear from several of Fatima's friends that Brandon had verbally, emotionally and/or physically abused Fatima. Those individuals include, among possibly others: Olivia Robinson, Claudia Rodriguez, Giselle Acavedo, Ireland Barnes, and Maralyn Romero. Plaintiffs eventually hired attorneys to investigate what happened to their daughter. To the best of Plaintiffs' recollection, all other information Plaintiffs learned regarding the verbal, emotional and/or physical abuse involving Fatima and Brandon was obtained through counsel and is protected by the attorney-client privilege. Without waiving this objection, and subject to this objection, Plaintiffs direct Defendants to Plaintiffs' 26(a) disclosures, the depositions in the case, Plaintiffs' expert reports, Chadron police department's investigative file, and CSC's own discovery and internal reports describing the emotional and/or physical abuse between Brandon and Fatima and the names of many of the witnesses. Such information is equally accessible to Defendants, who produced the reports in discovery and participated in the depositions.**

DATED: 11/02/18

                                  Respectfully Submitted,

                                  WELSH & WELSH; ROMANUCCI & BLANDIN, LLC;
                                  AND PUBLIC JUSTICE, PC,

                                              ____/s Martin D. Gould____
                                                 Attorney for Plaintiff

Christopher P. Welsh

WELSH & WELSH, PC, LLO
9290 West Dodge Road
204 The Mark
Omaha, Nebraska 68114
(402) 384-8160
(402) 384-8211 - Facsimile
cwelsh@welsh-law.com

Antonio M. Romanucci, Esq. (admitted Pro Hac Vice)
Martin Gould, Esq. (admitted Pro Hac Vice)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
mgould@rblaw.net

Adele P. Kimmel, Esq. (admitted Pro Hac Vice)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036
(202) 797-8600
akimmel@publicjustice.net

## CERTIFICATE OF SERVICE

I certify that I sent a true and correct copy of the above and foregoing document by electronic mail this 2nd Day of November 2018, to the following:

>George Martin
>Thomas E. Johnson
>gmartin@bairdholm.com
>tjohnson@bairdholm.com

           /s/Martin D. Gould
           Attorney for Defendants