Atkinson-Baker, Inc.
www.depo.com

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF NEBRASKA

 3

 4    LISSETTE LARIOS ROOHBAKHSH,   )
      as personal representative    )
 5    of the ESTATE OF FATIMA       )
      LISSETTE LARIOS and on        )
 6    behalf of next of kin,        )
                                    )
 7            and                   )
                                    )
 8    NELSON LARIOS, as next of     )
      kin,                          )
 9                                  )
              Plaintiffs,           )
10                                  )
      vs.                           ) Case No. 8:17-cv-00031
11                                  )
      BOARD OF TRUSTEES OF THE      )
12    NEBRASKA STATE COLLEGES,      )
                                    )
13            Defendants.           )
      ------------------------------)
14

15                        DEPOSITION OF

16                     DONNA PETERS, PSY.D

17                       DENVER, COLORADO

18                       December 6, 2018

19

20

21    ATKINSON-BAKER, INC.
      COURT REPORTERS
22    500 North Brand Boulevard, Third Floor
      Glendale, California 91203
23    (818) 551-7300

24    REPORTED BY:  THERESA L. MENDEZ

25    FILE NO:  AC0AF03
```

Atkinson-Baker, Inc.
www.depo.com

## Page 2

```
      IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEBRASKA

LISSETTE LARIOS ROOHBAKHSH,  )
as personal representative   )
of the ESTATE OF FATIMA      )
LISSETTE LARIOS and on       )
behalf of next of kin,       )
                             )
     and                     )
                             )
NELSON LARIOS, as next of    )
kin,                         )
                             )
     Plaintiffs,             )
                             )
vs.                          ) Case No. 8:17-cv-00031
                             )
BOARD OF TRUSTEES OF THE     )
NEBRASKA STATE COLLEGES,     )
                             )
     Defendants.             )
-----------------------------)

     Deposition of DONNA PETERS, PSY.D, taken on

behalf of Defendants, at 8055 East Tufts Avenue, Suite

525, Denver, Colorado 80237, commencing at 9:04 a.m.,

December 6, 2018, before Theresa L. Mendez, Registered

Professional Reporter and Notary Public.
```

## Page 3

```
              A P P E A R A N C E S
FOR PLAINTIFFS:
ROMANUCCI & BLANDIN, LLC
BY:  MARTIN D. GOULD, ESQ.
321 North Clark Street
Suite 900
Chicago, Illinois 60654
888-458-1145
312-458-1004 (telefax)
mgould@rblaw.net

FOR DEFENDANTS:
JOHNSON & TABOR
BY:  THOMAS E. JOHNSON, ESQ.
11932 Arbor Street, Suite 101
Omaha, Nebraska 68144
402-506-4444
402-506-4442 (telefax)
tjohnson@johnsontabor.com
```

## Page 4

```
                    I N D E X
WITNESS: DONNA PETERS, PSY.D
EXAMINATION                              PAGE
   By Mr. Johnson                        5, 259

   By Mr. Gould                          194, 263


EXHIBITS

            DESCRIPTION                  PAGE

Exhibit 1  Report                        217

Exhibit 2  Lisa Boesky's Report          245
```

## Page 5

```
              P R O C E E D I N G S
              DONNA PETERS, PSY.D,
the Deponent having been first duly sworn, was examined
and testified on her oath as follows:
              EXAMINATION
BY MR. JOHNSON:
    Q   Good morning, Dr. Peters.
    A   Good morning.
    Q   Would you give us your address, please.
    A   Sure.  1720 South Bellaire Street, Suite 907,
Denver 80222.
    Q   And how long have you done business at that
address approximately?
    A   At that particular address, about ten years.
    Q   You have, as I understand it, been retained by
the plaintiffs in this lawsuit to render certain opinions;
is that correct?
    A   I have.
    Q   And you have prepared a written report which
has been submitted through counsel; is that correct?
    A   That's correct.
    Q   You have that report with you this morning?
    A   I do.
    Q   If you would look at page 39 of your report,
there is a section at the bottom which is captioned
```

2 (Pages 2 to 5)

Atkinson-Baker, Inc.
www.depo.com

**Page 42**

1  Q   Is it your opinion that she looped the cord and
2  the power cord around the clothes rod in the closet and
3  placed her neck in the loop?
4       THE COURT REPORTER:  Can you repeat that?
5       Q   (BY MR. JOHNSON)  Is it your opinion that she
6  looped the power cord around the clothes rod in the closet
7  and placed her neck in the loop?
8       A   I believe that is the finding.
9       Q   And when she did so, Doctor, in your opinion,
10  did she do so appreciating the natural consequences of
11  those actions?
12       MR. GOULD:  Objection; foundation, speculation.
13       Q   (BY MR. JOHNSON)  I'm just asking your opinion.
14       A   I don't know what her thoughts were in that
15  moment.
16       Q   Do you have an opinion as to whether she was
17  competent and capable of appreciating the natural
18  consequences of those actions at the time she did it?
19       MR. GOULD:  Objection; foundation, speculation.
20       THE WITNESS:  I know there was alcohol found in
21  her system.  And I don't know -- I don't know how that may
22  have impacted her state of mind in that moment.
23       Q   (BY MR. JOHNSON)  I'd have to ask you again.
24  Do you have an opinion as to whether or not Fatima Larios
25  appreciated the natural consequences of her actions on the

**Page 43**

1  night she committed suicide?
2       MR. GOULD:  Objection; asked and answered.
3       MR. JOHNSON:  I don't believe she has answered
4  that.
5       THE WITNESS:  I don't believe I can answer
6  that.
7       Q   (BY MR. JOHNSON)  Okay.  That's fine.  So you
8  do not have an opinion?
9       A   On what her intention was at the moment?
10       Q   No.  On whether or not she appreciated the
11  consequences of her actions?
12       MR. GOULD:  Objection; foundation, speculation,
13  asked and answered.
14       THE WITNESS:  I can't answer that, because I
15  don't know how much alcohol she had in her system at the
16  time.
17       Q   (BY MR. JOHNSON)  Do you have an opinion as to
18  whether or not Fatima Larios was clinically insane at the
19  time of her suicide?
20       A   I do not believe she was clinically insane.  I
21  don't see evidence of that.
22       Q   Do you have an opinion as to whether or not at
23  the time of her suicide she was mentally capable of
24  understanding the finality of death?
25       MR. GOULD:  Objection; foundation, speculation.

**Page 44**

1       THE WITNESS:  I don't believe I can answer
2  that.
3       Q   (BY MR. JOHNSON)  Do you have an opinion as to
4  whether or not she was suffering delirium at the time of
5  her suicide?
6       MR. GOULD:  Are you talking about the exact
7  moment that she's committing suicide?
8       THE WITNESS:  I'm confused by the question.
9       Q   (BY MR. JOHNSON)  At the time of her suicide,
10  in your opinion, if you have one, was she suffering from
11  delirium?
12       MR. GOULD:  Objection; speculation, foundation.
13       THE WITNESS:  What is your definition of
14  "delirium"?
15       Q   (BY MR. JOHNSON)  It's a psychological
16  definition.  What's yours?
17       A   That's why I'm asking.  Are you talking about
18  the DSM definition of delirium?
19       Q   Yes.
20       A   I don't believe I could answer that.
21       Q   One way or other?
22       A   No.
23       Q   You have no opinion as to whether or not at the
24  time of her suicide she was mentally capable of
25  controlling her impulses?

**Page 45**

1       MR. GOULD:  Objection; speculation, foundation.
2       THE WITNESS:  Again, I don't believe I can
3  answer that.
4       Q   (BY MR. JOHNSON)  Do you have an opinion as to
5  whether or not Fatima Larios' suicide was voluntary?
6       A   Voluntary in that she's the one that took her
7  life versus somebody else taking her life.
8       Q   And do you have an opinion as to whether or
9  not --
10       A   I believe she took her life.
11       Q   And you believe that she made a conscience
12  decision to do so?
13       MR. GOULD:  Objection; speculation, foundation.
14       THE WITNESS:  A conscience decision, I believe
15  so.
16       Q   (BY MR. JOHNSON)  All right.  Do you believe
17  that she had a willful purpose to accomplish her death?
18       MR. GOULD:  Objection; speculation, foundation,
19  form.
20       THE WITNESS:  Can you repeat the question?
21       Q   (BY MR. JOHNSON)  Yes.
22       Do you believe that on the night of
23  January 30-31, 2015, Fatima Larios had a willful purpose
24  to accomplish her death?
25       MR. GOULD:  Objection; foundation, speculation.

Donna Peters, Psy.D
December 6, 2018

Atkinson-Baker, Inc.
www.depo.com

```
 1       I, DONNA PETERS, PSY.D, do hereby certify that
 2   I have read the above and foregoing deposition and that
 3   the above and foregoing transcript and accompanying
 4   Amendment sheet(s), if any, constitute a true and complete
 5   record of testimony.
 6
 7   Amendment sheet (s) attached (  )
 8   No changes, therefore no Amendment sheet(s) attached ( )
 9
10       _____
         DONNA PETERS, PSY.D
11
12
13       Subscribed and sworn before me in the County of
14   _____, state of Colorado, this _____ day of
15   _____, 2018.
16
17       _____
         Notary Public
18
19       My commission expires
20
21
22
23
24
25
                                                       Page 266
```

```
 1
 2   DEPOSITION OF
     DONNA PETERS, PSY.D
 3
 4          REPORTER'S CERTIFICATE
 5       I, THERESA L. MENDEZ, Registered Professional
 6   Reporter and Notary Public in and for the State of Colorado,
 7   do hereby certify that prior to the commencement of the
 8   examination, the Witness was by me first duly sworn to
 9   testify the truth; that said deposition was taken in
10   shorthand by me at the time and place hereinabove set forth
11   and was thereafter reduced to typewritten form under my
12   supervision, as per the foregoing transcript; that the
13   same is a full, true, and correct transcription of my
14   shorthand notes then and there taken.
15       I further certify that I am not related to,
16   employed by, nor of counsel for any of the parties or
17   attorneys herein, nor otherwise interested in the event of
18   the within action.
19       My commission expires September 21, 2021; and I
20   have hereunto set my hand this 21st day of December, 2018.
21
22       _____
         Registered Professional Reporter
23                    and
                  Notary Public
24
25   Signature required.
                                                       Page 267
```

68 (Pages 266 to 267)

Donna Peters, Psy.D
December 6, 2018