IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISSETTE LARIOS ROOHBAKHSH, as personal representative of the ESTATE OF FATIMA LISSETTE LARIOS and on behalf of next of kin, and NELSON LARIOS, as next of kin, | Case No. 8:17-cv-00031 |
| Plaintiffs, | |
| v. | OPPOSITION TO PLAINTIFFS' MOTION TO DISCLOSE A REBUTTAL WITNESS OUT OF TIME |
| BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, and CHADRON STATE COLLEGE, | |
| Defendants. | |

## I. INTRODUCTION

The Court should deny Plaintiffs' Motion to Disclose a Rebuttal Expert because they filed it five weeks after the deadline to disclose rebuttal experts, three weeks after the deadline to depose experts, and only shortly before the summary judgment deadline. Plaintiffs have no basis to offer a rebuttal expert. Further, Plaintiffs have offered no good cause or excusable neglect to justify their untimely motion.

Plaintiffs want to designate an expert to rebut Professor Peter Lake's opinion about the Office of Civil Rights' September 26, 2017 Administrative Closure Letter ("OCR Letter"). Defendants identified Professor Peter F. Lake ("Lake") on October 22, 2018 and disclosed his expert report on November 29, 2018. Mr. Lake expressed his opinion regarding the OCR Letter not only in his expert report but again in his December 14, 2018, deposition. Under Fed. R. Civ. P. 26(a)(2)(d)(ii), Plaintiffs had an obligation to disclose rebuttal experts 30 days after Defendants' disclosure, which was (at the latest) December 31, 2018. Now, after expert depositions have been completed and discovery has closed, Plaintiffs seek to identify a rebuttal

expert witness without providing proper grounds for rebuttal and without any explanation or justification for their delay. The Court should not grant Plaintiffs' request.

## II. RELEVANT BACKGROUND

The court-imposed deadlines relevant to Plaintiffs' motion are governed by two scheduling orders. The Court entered its most recent scheduling order on September 11, 2018. Dkt. 83. Therein, the Court ordered that the deadlines to "complete disclosures for all experts expected to testify at trial (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B), and non-retained experts (Fed. R. Civ. P. 26(a)(2)(C)" were October 2, 2018 for the Plaintiffs and October 22, 2018 for the Defendants. Prior to that, on August 22, 2018, the Court entered an order specifying, in relevant part, that Defendants' deadline for disclosure of expert reports was November 15, 2018, expert witness depositions were to be completed by January 16, 2019, and *Daubert* motions were due March 28, 2019. Dkt. 80. These deadlines were unchanged by the September 11, 2018 order.

On October 22, 2018, Defendants disclosed Mr. Lake as an expert witness who would offer opinions regarding Defendants' Title IX compliance and other obligations. *See* Defendants' Expert Disclosures, filed herewith as Exhibit 1. Then, in agreement with Plaintiffs' counsel, on November 29, 2018, Defendants served Mr. Lake's expert report. *See* Ex. B to Pls. Motion. In his report, Mr. Lake discussed the OCR Letter, observing that he gave significance to OCR's statement that it had not obtained "sufficient evidence to support either an individual or systemic finding" against Chadron State College. *See* Ex. B to Pls. Motion. Plaintiffs questioned Mr. Lake about that opinion at his December 14, 2018, deposition. *See* Ex. C to Pls. Motion. The Court-ordered deadline for expert witness depositions expired on January 16, 2019. Then, on February 8, 2019, Plaintiffs filed the instant Motion to Disclose a Rebuttal Expert to Clarify

2

Defendants' Misunderstanding of the Office of Civil Rights' September 26, 2017 Letter.[1] In their motion, Plaintiffs seek to designate another expert, Mr. Seth Galanter, who would specifically address the OCR Letter and the OCR investigative process.

### III. ARGUMENT

#### A. Plaintiffs Have Not Offered an Appropriate Rebuttal Expert

The Court should deny Plaintiffs' motion because they have offered no basis to offer a rebuttal witness. "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux,* 422 F.3d 750, 755 (8th Cir.2005) (citation omitted). "The principal objective of rebuttal is to permit a litigant to *counter new, unforeseen facts* brought out in the other side's case." *Faigin v. Kelly,* 184 F.3d 67, 85 (1st Cir.1999) (emphasis added). *See Young v. Cty. of Dawes*, No. 7:13CV5002, 2014 WL 66518, at *3 (D. Neb. Jan. 8, 2014) (allowing a timely disclosed rebuttal witness whose role was to address unforeseen facts).

Here, the Plaintiffs could rightfully name a rebuttal expert regarding the OCR Letter and its conclusion that there was not "sufficient evidence to support either an individual or systemic finding" against Chadron State College if, and only if, Plaintiffs' experts could not have known of the OCR Letter or its conclusions when they rendered their opinions. *Cf. Young*, 2014 WL 66518, at *3 (allowing a rebuttal expert who would rebut an expert opinion that the plaintiff would have survived only with a liver transplant when the autopsy report and death certificate make no mention or availability of a liver transplant). Of course, Plaintiffs were well aware of the OCR Letter because the parties produced it to each other during the course of written

---

[1] Defendants expressly deny Plaintiffs' contention that Mr. Lake's opinion is a "misunderstanding" of the OCR Letter.

3

discovery. Accordingly, Mr. Lake's opinion created no new or unforeseen fact that would justify Plaintiffs naming a rebuttal expert.

### B. Plaintiffs Have Not Demonstrated Good Cause and Excusable Neglect for Their Untimely Disclosure

Even if Plaintiffs had offered a rebuttal expert for a proper purpose—which they have not—the Court should deny Plaintiffs' Motion to Disclose a Rebuttal Expert at this late stage because they have not demonstrated, as they must, good cause and excusable neglect for failing to satisfy relevant expert deadlines. Defendants served expert disclosures on October 22, 2018 and provided Mr. Lake's expert report on November 29, 2018. Under Fed. R. Civ. P. 26(a)(2)(d)(ii), disclosure deadlines for rebuttal experts must come 30 days after the other party's disclosure.[2] Even using the later deadline of November 29, 2018, the Plaintiffs' rebuttal expert disclosure was due no later than December 31, 2018.

On February 8, 2019, five weeks past this deadline, and without conferring at all with Defendants' counsel, Plaintiffs seek to extend a deadline that has passed. As such, Plaintiffs' request is governed by Fed. R. Civ. P. 6(b), which provides that when a party seeks to extend a deadline that has already passed, the court may extend the deadline *upon a showing of good cause and excusable neglect*. Fed. R. Civ. P. 6(b); *see also Equal Employment Opportunity Comm'n v. CRST Int'l, Inc.*, No. 17-CV-129-CJW-KEM, 2018 WL 6438369, at *3 (N.D. Iowa Dec. 7, 2018) (denying an untimely motion to amend the answer because the defendant failed to establish good cause and excusable neglect). Plaintiffs fail to satisfy both requirements.

---

[2] In the alternative, the Court could rule that since "[t]he district court's case order set its management requirements and did not provide for rebuttal experts, and the court was entitled to hold the parties to that order." *Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002) (upholding the district court denial of the Plaintiffs' motion for leave to file a rebuttal expert report).

1. **Plaintiffs offer no "good cause" whatsoever for their failure to meet the expert disclosure deadline.**

The primary measure of good cause is the movant's diligence in attempting to meet the deadline. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also* Fed. R. Civ. P. 16(b), Advisory Committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

Plaintiffs have provided *no* explanation as to why they could not have disclosed their proposed rebuttal expert by December 31, 2018. Mr. Lake's November 29, 2018 report, cited and attached to Plaintiffs' motion, discusses the OCR's Letter and his opinion regarding the significance of the OCR's statement that it did not obtain "sufficient evidence to support either an individual or systemic finding" against Chadron State College. *See* Ex. B to Pls. Motion, pg. 20; Ex. D to Pls. Motion, pg. 2. This is the exact topic on which Plaintiffs now want to offer a rebuttal expert. Had Plaintiffs met the December 31, 2018 deadline, Defendants could have deposed Mr. Galanter by the January 16, 2019 expert deposition deadline. They did not, and discovery in this case is now closed. Moreover, Defendants have filed a motion for summary judgment and parties are working to prepare their *Daubert* motions. Instead of explaining why they failed to meet the rebuttal expert disclosure deadline, Plaintiffs instead take issue with Dr. Lake's opinion. Disagreeing with an expert's opinion does not constitute good cause for failing to abide by the rebuttal deadline, which Plaintiffs appear to completely disregard.

2. **Plaintiffs offer no "excuse" whatsoever for their untimely disclosure.**

Plaintiffs also have not established excusable neglect for not timely disclosing their rebuttal expert. The Eighth Circuit has held that "[e]xcusable neglect is an 'elastic concept' that

empowers courts to accept, 'where appropriate, ... late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). In making this assessment, the court may weigh "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.,* 507 U.S. at 395. Notably, "[t]hese four Pioneer factors do not carry equal weight; the reason for delay is a key factor in the analysis*." In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig*., 496 F.3d 863, 867 (8th Cir. 2007) (emphasis added).

As noted herein, Plaintiffs offer no reason for their failure to timely disclose a rebuttal expert. Rather, their delay is presumably "garden-variety attorney inattention" that courts routinely reject as insufficient to show excusable neglect. *Lowry v. McDonnell Douglas Corp*., 211 F.3d 457, 464 (8th Cir. 2000); *see also Black Soil Dairy, LLC v. Land O'Lakes, Inc*., No. 17-CV-4065-LRR, 2018 WL 4278497, at *3 (N.D. Iowa Mar. 19, 2018). Inattention does not constitute excusable neglect. Plaintiffs have known of Mr. Lake's opinions for months. This case has moved forward. Re-opening discovery to allow for a deposition of Plaintiffs' rebuttal expert, after Defendants have filed their motion for summary judgment and shortly before the *Daubert* motion deadline, will unnecessarily delay the progress of this case.

The Court should follow other decisions that declined to allow a rebuttal expert disclosure this far beyond the relevant deadline. *See Eckelkamp v. Beste,* 315 F.3d 863 (8th Cir.2002) (affirming district court's refusal to allow the plaintiffs to file a rebuttal expert report

in support of their opposition to summary judgment forty-six days after defendants' expert report had been produced); *Bachtel v. Taser Int'l., Inc.,* No. 2:11CV69, 2012 WL 5308052, at *1–2 (E.D.Mo.2012) (striking rebuttal expert report disclosed two months after the expert disclosure deadline).

    C. **Plaintiffs' Rationale for Requesting a Rebuttal Expert Fails**

Rather than setting forth good cause and excusable neglect, Plaintiffs instead set forth two arguments regarding, in their opinion, the propriety of Mr. Lake's opinions. First, Plaintiffs argue that Mr. Lake's opinions are primarily legal conclusions or go to the ultimate conclusion, and thus, are impermissible expert testimony. Second, they argue that Mr. Lake does did not have a factual basis for his opinion regarding the OCR Letter and Mr. Galanter's testimony is needed to clarify Mr. Lake's "misunderstanding." Plaintiffs' arguments lack merit and would not support the relief they request even if such arguments were sound.

Notably, while most of Mr. Lake's opinions addressed Plaintiffs' expert Ms. Saundra Schuster's incorrect statements regarding alleged "industry standards," (which did not require a specific application of the facts in this case), *see generally* Ex. B to Pls. Motion, Mr. Lake also

testified as to the actions of Chadron State College, which involved fact-specific analysis.[3] For example, in his report, Mr. Lake observed that "the records I have reviewed show that Chadron State College was actively engaged in efforts to assist Ms. Larios, who at time did not available herself of opportunities offered by Chadron State College's Title IX response systems." Ex. B to Pls. Motion, pg. 20. Mr. Lake observed in his deposition that there were "certain facts that I became aware of I think are critical in reaching my opinion." Ex. C to Pls. Motion at 83:15-16. He went on to explain that "I can certainly provide expert opinions in the abstract, but that's not what I was asked to do. I was shown a specific set of information regarding Chadron State and reviewed that and drew my conclusions in my written report." *Id.* at 83:20-25.

Regarding Plaintiffs' argument that Mr. Lake did not have a factual basis for his opinion regarding the OCR Letter, Plaintiffs had every opportunity to challenge Mr. Lake's foundation at his deposition. As Plaintiffs expressly recognize in their motion, their arguments regarding Mr. Lake's testimony are most appropriate for a *Daubert* motion so the Court can assess whether Mr. Lake's testimony meets the three prerequisites for admission under Rule 702 of the Federal

---

[3] Plaintiffs attempt to claim that Mr. Lake "had little understanding of the facts of the case" including the "full names" of any key witnesses is a complete mischaracterization of Mr. Lake's deposition testimony. Throughout the deposition, Plaintiffs' counsel refused to allow Mr. Lake to refresh his recollection in order to confirm the last names of witnesses. For example, in one exchange Mr. Lake stated that Fatima Larios was having an interpersonal dispute with "Brandon." Plaintiffs' counsel went on to ask him:

Q. Do you know his name, his full name?
A. I do, I have his full name.
Q. Can you just put the report aside for a second?
A. There you go. I know him as Brandon right now.
Q. You don't know his last name, do you?
A. Again, I want to be very careful about using people's full names without refreshing my recollection because, again, these people are not known to me. I don't want to confuse names with people. It's an easy thing to do to look at the document and refresh it
 ….
A. I was obviously familiar with it at the time I was writing the report.

Ex. C to Pls. Motion at 69:20-25; 70:1-16. Similar exchanges wherein Plaintiffs' counsel prevented Mr. Lake from refreshing his recollection occurred throughout the entire deposition. *See, e.g.,* Ex. C to Pls. Motion at 75:15-25; 76:1-9; 87:17-23.

Rules of Evidence. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597–98 (1993); *see also Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 686 (8th Cir. 2001). Plaintiffs' purported concerns regarding Dr. Lake's testimony, however, do not justify their untimely rebuttal expert disclosure.

Importantly, Plaintiffs' proposed rebuttal expert appears to "lack" that same factual basis for his opinion regarding the OCR Letter that Plaintiffs accuse Mr. Lake of lacking. Mr. Galanter has not seen the Larios family's complaint initiating documents, has not reviewed OCR's file regarding their investigation, does not know how many OCR investigators investigated the Larios complaint, and has no personal knowledge of whether OCR investigators actually reviewed material produced by Chadron State College beyond the information provided in the OCR Letter. Thus, Plaintiffs cannot argue on one hand that Mr. Lake had insufficient information to render his opinions and then, on the other hand, offer an untimely rebuttal expert to offer similar opinions relying on the same, purportedly insufficient information.

## IV. CONCLUSION

For all of the reasons stated herein, Plaintiffs' Motion to Disclose a Rebuttal Expert should be denied.

DATED this 22nd day of February, 2019.

                                        BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES AND CHADRON STATE COLLEGE, Defendants,

BY:    /s/Leigh Campbell Joyce
        George E. Martin III (NE #21747)
        Leigh Campbell Joyce (NE #26218)
        BAIRD HOLM LLP
        1700 Farnam Street, Suite 1500
        Omaha, NE 68102
        Phone: 402-344-0500
        Facsimile: 402-344-0588
        Email: gmartin@bairdholm.com
                lcampbell@bairdholm.com

        Thomas E. Johnson (NE#12089)
        Johnson & Tabor
        11932 Arbor St., Suite 101
        Omaha, NE 68144
        Phone: 402-506-4444
        Facsimile: 402-506-4442
        Email: tjohnson@johnsontabor.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Christopher P. Welsh
>cwelsh@welsh-law.com

>Antonio M. Romanucci
>Martin Gould
>aromanucci@rblaw.net
>mgould@rblaw.net

>Adele P. Kimmel
>akimmel@publicjustice.net

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, and email this document to the following non CM/ECF participants: None.

>/s/Leigh Campbell Joyce

DOCS/2234830.5