IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| LISSETTE LARIOS ROOHBAKHSH, as personal representative of the ESTATE OF FATIMA LISSETTE LARIOS and on behalf of next of kin, <br><br> and <br><br> NELSON LARIOS, as next of kin <br><br> Plaintiffs, <br><br> v. <br><br> CHADRON STATE COLLEGE, *et al.* <br><br> Defendants. | Case No. 8:17-cv-00031-JFB-CRZ |

**PLAINTIFFS' *DAUBERT* MOTION TO EXCLUDE CERTAIN TESTIMONY AND OPINIONS OF DEFENDANTS' EXPERT PETER LAKE**

Pursuant to Fed. R. Civ. P. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), Plaintiffs LISSETTE LARIOS ROOHBAKHSH, as personal representative of the ESTATE OF FATIMA LISSETTE LARIOS and on behalf of Fatima Lissette Larios's next of kin, including herself, and NELSON LARIOS, as Fatima Lissette Larios's next of kin ("Plaintiffs"), through their attorneys, move the Court for an Order to exclude certain testimony and opinions of Peter Lake at trial.

Plaintiffs move to exclude the testimony and opinions of Peter Lake, a law professor who Defendants have designated as an expert to testify about their legal obligations under, and compliance with, Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX"). More specifically, Defendants asked Mr. Lake to opine on the legal standards that govern private damages actions under Title IX.

1

First, and foremost, Mr. Lake's opinions should be barred because they are almost completely devoid of any analysis of the factual record in this case. Indeed, throughout Mr. Lake's 20-page report and deposition testimony, he barely discussed the facts of this case and demonstrated a stark unfamiliarity with the factual record. As a result, Mr. Lake's testimony would be unfounded, unreliable, and misleading.

Second, the vast majority of Mr. Lake's opinions overstep the bounds of proper expert testimony because he opines on legal issues that are solely for the Court's determination. The first six of seven categories of opinions in Mr. Lake's report involve purely legal opinions about the governing legal standards under Title IX, based solely on analyzing Supreme Court precedent, regulations, federal agency guidance, and a legal treatise.

Third, Mr. Lake only attempts to apply Title IX's legal standards to the facts of this case in two of his opinions—one claiming Defendants didn't violate Title IX because they didn't act with "deliberate indifference" to Fatima Larios (Opinion 7b), and another claiming Defendants didn't violate Title IX because they didn't have "actual notice" that Fatima was experiencing dating violence. But Mr. Lake's methodology for reaching these opinions is plainly unreliable because he ignored a large swath of the relevant facts. Moreover, these opinions on the "ultimate issues" in the case improperly usurp the role of the jury.

Finally, this Court should also exclude Mr. Lake's Opinion 7, which interprets a letter from a federal agency closing its investigation of a Title IX complaint filed by Fatima's parents. Mr. Lake isn't qualified to opine on this issue and his opinion is not based on a reliable methodology. Mr. Lake never worked for the federal agency. Nor did he know what materials the agency reviewed during its investigation or whether it reviewed any materials at all before closing its

investigation. Pure speculation by someone who lacks relevant experience is not a reliable methodology.

Thus, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), this Court should exclude all of Mr. Lake's opinions and testimony. In support of their motion, the Plaintiffs submit their Brief in Support of Motion to Exclude the Testimony and Opinions of Defendants' Expert Peter Lake, as well as the accompanying exhibits.

WHEREFORE, the Plaintiffs respectfully request this Court preclude Peter Lake from testifying as an expert at trial.

Dated: April 8, 2019

                                Respectfully submitted,

                                /s/ Martin D. Gould
Christopher P. Welsh
WELSH & WELSH, PC, LLO
9290 West Dodge Road
204 The Mark
Omaha, Nebraska 68114
(402) 384-8160
(402) 384-8211 - Facsimile
cwelsh@welsh-law.com

Antonio M. Romanucci, Esq. (admitted *pro hac vice*)
Martin Gould, Esq. (admitted *pro hac vice*)
Bryce T. Hensley, Esq. (*pro hac vice* application pending)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
(312) 458-1000
aromanucci@rblaw.net
mgould@rblaw.net
bhensley@rblaw.net

Adele P. Kimmel, Esq. (admitted *pro hac vice*)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036
(202) 797-8600

akimmel@publicjustice.net

## CERTIFICATE OF SERVICE

I certify that on April 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Thomas E. Johnson
Johnson Tabor & Johnson Law, LLC
11932 Arbor Street, Suite 101
Omaha, NE 68144
tjohnson@johnsontabor.com

George Martin, III
Leigh Campbell Joyce
Baird Holm LLP
1700 Farnam Street, Suite 1500
Omaha, NE 68102-2068
gmartin@bairdholm.com

                                                                                Respectfully Submitted,
                                                                                ROMANUCCI & BLANDIN, LLC

                                                                                ___/s Martin D. Gould___
                                                                                   Attorney for Plaintiff